**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GRINGO PASS, INC., an Arizona corporation, Plaintiff - Appellant, v. UNITED STATES OF AMERICA, Defendant - Appellee. | No. 12-15244 D.C. No. 4:09-cv-00251-DCB MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
David C. Bury, District Judge, Presiding

Submitted October 15, 2013[**]
San Francisco, California

Before: THOMAS and McKEOWN, Circuit Judges, and BENNETT, District
Judge.[***]

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]       The Honorable Mark W. Bennett, District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

Gringo Pass appeals the district court's summary judgment in favor of the United States in this Federal Tort Claims Act ("FTCA") action.  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We review de novo dismissal for lack of subject matter jurisdiction, Orsay v. U.S. Dept. of Justice, 289 F.3d 1125, 1128 (9th Cir. 2002), and we affirm.

Gringo Pass argues that the discretionary function exception does not apply to the fence design and maintenance because the bidding request, contract, and federal regulations specifically prescribed that the fence should be built to allow uninhibited water flows.  The government contends that no federal statute or other regulations required the fence to be built to permit free flowing flood water, and that it had discretion in constructing and maintaining the fence based on border security and other policy considerations.

The discretionary function exception to the FTCA protects the government from private suit for "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government," even if the decision constitutes an abuse of the discretion granted.  28 U.S.C. § 2680(a); see also  Terbush v. United States, 516 F.3d 1125, 1129 (9th Cir. 2008).  This exemption applies when

the action (1) involves "an element of judgment or choice" and (2) is "based on considerations of public policy." <u>Berkovitz v. U.S.</u>, 486 U.S. 531, 536-37 (1988).

Here, both elements of the discretionary function exception have been met. First, the government constructed the fence for military and security purposes that by their nature involve "judgment as to the balancing of many technical, military, and even social considerations," <u>Boyle v. United Tech. Corp</u>, 487 U.S. 500, 511 (1988); <u>see also</u> <u>Terbush</u>, 516 F.3d at 1131 (holding the government exercised judgment in designing waste water facilities). Second, the fence design was predicated on border security and other policy considerations that require government discretion. **AFFIRMED.**